[S. F. No. 13928. In Bank.—June 2, 1932.]

WILLIAM G. THOMPSON, Respondent, v. LOUISE DUBOIS et al., Defendants; A. GALTIER et al., Appellants.

A. P. Dessouslavy and P. A. Bergerot for Appellants.

Walter McGovern for Respondent.

SHENK, J.—This is an appeal by the defendants Galtier and Vergnes from a judgment against them in an action

on two promissory notes made by the defendant Dubois and indorsed by the appealing defendants, the latter being referred to herein as the defendants.

Said defendants had been the owners of the furniture, furnishings and tenant's leasehold interest in the Benedict Apartments, located at 1678 Sacramento Street, San Francisco. They were partners in the apartment house business. About one month prior to the execution of the notes involved herein they sold the Benedict Apartments to the defendant Dubois and received as a part of the purchase price a promissory note in the sum of $11,775 secured by a chattel mortgage on the property sold. On September 14, 1927, this note was canceled, the mortgage satisfied of record and in lieu thereof two notes were executed by the defendant Dubois to Galtier and Vergnes in the sum of $7,500 and $4,275, respectively, each secured by a chattel mortgage on the property sold. The plaintiff had been the owner of the furniture, furnishings and tenant's leasehold interest in the Marian Apartments, located at 2159 Mission Street, San Francisco. On September 15, 1927, the plaintiff and the defendants consummated a transaction whereby the plaintiff sold to the defendants the Marian Apartments for the consideration of $4,100 cash, a note executed by the defendants in the sum of $4,125, secured by a chattel mortgage on the Marian Apartments, and the two Dubois notes of $7,500 and $4,275, respectively, secured as above stated by a chattel mortgage on the Benedict Apartments, making a total consideration to the plaintiff for his Marian Apartment house property of $20,000. The securities on the Benedict Apartments were thereupon transferred to the plaintiff by an assignment of the chattel mortgage to him by the defendants and by a transfer of the two Dubois notes to the plaintiff accompanied by an unqualified indorsement thereof by Galtier and Vergnes. These notes were payable in installments of $65 per month on the larger note and $35 per month on the smaller one, with interest, etc. Each note contained the usual acceleration clause. Interest was paid until September, 1928, but none of the installments of principal was ever paid. On June 25, 1928, the plaintiff notified the defendants by letter that Mrs. Dubois had failed to pay any of the installments of principal. On July 12, August 13, September 13 and October 13, 1928,

the plaintiff notified the defendants by mail that demand had been made on Mrs. Dubois for the payment of past due installments, but that payment had been refused. On Saturday, October 20, 1928, the plaintiff went to the Benedict Apartments and found a party in possession thereof referred to as a "well-known apartment house hi-jacker", and that Mrs. Dubois had left for parts unknown. An apartment house hi-jacker is stated to be one who takes possession of an insolvent or abandoned apartment house business, collects as much rent as possible in advance and pays no bills of any kind, thus seriously affecting if not destroying the goodwill of the business. On Monday morning, October 22, 1928, the plaintiff went to Mr. Galtier and informed him that the hi-jacker was in possession; that Mrs. Dubois could not be located, and notified him that if the unpaid installments were not paid by 1 o'clock P. M. of that day he would start proceedings. Payment was not made as demanded. On the same day the plaintiff exercised his option to declare the whole sum of the principal and accrued interest on said notes to be due and payable. Notice of such election was given by the plaintiff by addressing a letter to the maker, Mrs. Dubois, and leaving the same by special messenger at her last known address and by presenting the notes for payment at the office of A. T. Sprague and Co. in the Pacific Building, where the notes by their terms were made payable, and by delivering a copy of the letter to the defendants. The messenger then, on the same day, took the notes to Mr. Galtier at the Marian Apartments, exhibited the same to him and demanded payment thereof. Galtier responded by wagging his head and saying "no". Later on the same day this action was filed, charging the defendant Dubois as maker and the defendants Galtier and Vergnes as indorsers. The defendant Dubois answered but later abandoned her defense and judgment was entered against her for the full amount. The defendants Galtier and Vergnes also answered and after trial the court found for the plaintiff for the amount due on said notes on October 22, 1928, to wit, the sum of $10,475 and interest, and entered judgment accordingly.

At the trial the defendants presented three affirmative defenses: (1) That there was no consideration for their indorsements on said note; (2) that there was no present-

ment to the maker for payment and (3) that notice of dishonor ·was not given to them. The trial court found against the defendants on all three of the issues presented. On this appeal it is contended that the findings are not supported by the evidence.

The argument upon the point that there was no consideration for the indorsements is based in the main on the form and content of a document signed only by A. F. Sprague Co., the broker, on September 7, 1927. After the date the document proceeds in substance: Received of A. Galtier and H. Vergnes $500 as deposit and part payment of the furniture, furnishings and leasehold of the Marian Apartments under the following conditions: (a) The full price is to be $20,000; (b) I am to assign my mortgage of $11,875 on the Benedict Apartments over to W. G. Thompson. Said mortgage I will have made in two mortgages; (c) $3,500 more than deposit in cash upon the consummation of the deal; (d) I will give back a mortgage of $4,125 on the Marian Apartments; and (e) the lease must be satisfactory to said A. Galtier and H. Vergnes. If the terms and conditions are not accepted by September 14, 1927, the deposit is to be returned to A. Galtier and H. Vergnes.

It is contended by the defendants that this document constituted an agreement of purchase binding on the plaintiff and the defendants as of its date and nothing more was to be done thereafter but to carry out the terms thereof, which was done, so it is claimed, on the fifteenth day of the same month; that the defendants agreed only to ` assign the mortgage on the Benedict Apartments and did not agree to indorse the notes secured thereby, and that therefore the indorsements of the substituted notes sued on were without consideration. It is observed that the document is not signed by either the plaintiff or the defendants. Assuming that it would be binding on the plaintiff if accepted by him orally, it is fairly inferable from the writing itself that the details in completing the transaction were not all fully and finally set forth therein. The terms of the lease on the Marian Apartments were to be scrutinized by the defendants and they might refuse to conclude the deal if the terms thereof were not satisfactory to them. The execution of the documents of transfer in proper form was thereafter

to be brought about. When that time arrived the necessary papers were signed. Included therein was the transfer of the notes sued on by the indorsements thereof. This was done by the defendants without objection on their part and the defendant Galtier testified at the trial that the notes were indorsed and transferred as a part of the transaction in hand and that the same constituted a part of the consideration for the transfer to the defendants of the plaintiff's interest in the Marian Apartments. It is conceded that if the defendants had qualified their indorsement the situation would have been different. Being unqualified the indorsements must be given the legal effect which their form denotes and consideration for the indorsements will be presumed. (Sec. 1963, Code Civ. Proc.; secs. 3144, 3148, Civ. Code.) We find ample evidence in the record to support the finding of consideration.

The proper and effectual election by the plaintiff to declare the whole sum due is not disputed. Demand for payment on the maker then became necessary in order to hold the defendants as indorsers. The plaintiff was confronted with a situation wherein the maker had gone from her place of residence or was deliberately in hiding and personal demand could not be made upon her. Under the circumstances the plaintiff did all that he could be expected to do. He mailed a document to the maker's last place of residence and left a copy thereof at the place where the notes were payable. We think this was sufficient. Notice of dishonor was immediately given to the defendants by telephone and by messenger in writing. On this record the findings of the court of demand and notice of dishonor are sufficiently supported. We find no abuse of discretion on the part of the trial judge in permitting an amendment to the complaint to be filed.

No other points required discussion.

The judgment is affirmed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., Tyler, J., *pro tem.*, and Waste, C. J., concurred.

Rehearing denied.